## DORNHOFER v. LONG ISLAND R. CO.

### No. 96.

Circuit Court of Appeals, Second Circuit.

Nov. 17, 1943.

Joseph H. Wackerman, of Brooklyn, N. Y., for plaintiff-appellant.

Louis J. Carruthers, of New York City (Ralph E. Hemstreet, of Brooklyn, N. Y., and Harry G. Anderson, of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff testified that she was a passenger on defendant's passenger train; that her destination was the Woodmere station; that she was so engrossed in reading that she was not aware that the train had passed Woodmere and the next station, Cedarhurst, until the train was leaving Cedarhurst; that she then planned to leave the train at the next succeeding station, Lawrence. She further testified:

"Q. When the train arrived into Lawrence Station, did it come to a stop? A. Yes.

"Q. And when the train came to a stop, where were you? A. In my seat.

"Q. When the train stopped, did you wait any length of time or did you get

---

up immediately upon its stopping? A. I got up immediately.

"Q. And where did you walk to? A. I walked toward the front of the car onto the platform.

"Q. As you left your seat to walk to the front of the car, did you observe whether there were other people about to get off at that station? A. Yes, there were.

"Q. Where were they standing? A. When I started down the steps they were stepping off the last step.

"Q. And when you were leaving your seat, did you observe those people? A. They were on the platform.

"Q. Standing on the platform? A. Yes.

"Q. And as you got to the platform and started down the first step, the last one of those people was leaving the last step? A. that's right. * * *

"Q. Mrs. Dornhofer, you are now on the platform of the car ready to go downstairs, down those steps. Will you tell us what you did? A. As I started down the steps I took hold of the rail with my right hand, and when I got to the bottom step, as I went to step off and I was in the act of stepping down, the train started and swept me off my feet. I put my hand up to grab something to break the fall, and when I did, I went under the train. * * *

"Q. As you had your two feet on the bottom step of that car and before you took one foot off to step towards down to the platform, was the train moving or standing still, while your two feet were on the bottom step? A. As I was standing on the bottom step the train started, as I put my foot down; I was in the act of stepping off.

"Q. When did you become conscious—when did you know that the train had started? A. When I had my foot off and my hand off the rail.

"Q. You took your hand off the rail? A. And I had my foot half way down from the step to the platform.

"Q. One foot off? A. One foot off, when I realized the train had started, and that is why I grabbed onto something to break the fall."

Defendant lays much stress on her following testimony. On cross-examination, which, defendant says, is an admission con-clusively negating defendant's negligence or, at a minimum, conclusively showing plaintiff's contributory negligence:

"Q. Mrs. Dornhofer, I understood you to say in answer to your lawyer's questions that you came down the steps of that coach and you had both feet on the bottom step, at which time the train was standing; is that correct, Madam? A. Yes.

"Q. And that you were in the act of stepping off or stepping down, when you say the train started; is that right? A. When I was in the act of stepping off the train started.

"Q. You were in the act of stepping off when the train started? A. So the train must have started. The train started when I was in the act of stepping off.

"Q. Wasn't the train going when you stepped off? A. Well, it had to be going when I stepped off.

"Q. Could you say how far it moved in feet before you did step off? A. I could not say.

"Q. But you are quite sure that before you stepped off, the train was going? A. Yes, it started."

Defendant introduced the testimony of its employees which, if believed by the jury, would justify the conclusion that the train had stopped a reasonable length of time to permit all passengers to alight, that all reasonable precautions were taken by defendant not to start the train while anyone was alighting, and that plaintiff must have negligently alighted after this reasonable period and while the train was in motion. This testimony taken with that part of plaintiff's testimony on cross-examination quoted above, amply justified, says defendant, the setting aside of the verdict.

We cannot agree. The jury could, if it so chose, disbelieve defendant's witnesses. Plaintiff's testimony on cross-examination was reasonably susceptible of an interpretation consistent with her earlier testimony, i.e., that the train started to move just as she was putting her foot on the ground. The interpretation of that testimony was for the jury. The trial court therefore erred in setting aside the verdict and in its judgment dismissing the complaint.

Reversed with directions to reinstate the verdict and to enter judgment thereon.